UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID JAMES MANCINA,　　　　　　　　　　CIVIL ACTION
INDIVIDUALLY, AND ON BEHALF
OF A CLASS

VERSUS　　　　　　　　　　　　　　　　　　NO. 12-2512

ROGER GOODELL, ETC., ET AL　　　　　　　SECTION "C" (3)

ORDER

This matter comes before the Court on motion to dismiss filed by the defendants, National Football League ("NFL") and Roger Goodell, Commissioner of the National Football League ("Goodell"). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff, David James Mancina, filed this class action based on diversity jurisdiction on October 15, 2012, seeking damages allegedly suffered as a ticket holder for New Orleans Saints football games for the 2012-2013 season. He claims that the tickets were purchased "with the representation, and expectation" from the defendants that the Saints "would be capable of competitively fielding a contending team ... without dictatorial, unreasonable, vindictive, and unfounded, interference from [the defendants],

devoid of due process" and that the subsequent sanctions were wrongfully imposed by the defendants and caused damages for the diminishment of ticket value, emotional damage and damage to the "competitive quality" of the Saints.  Rec. Doc. 1 at ¶ IV.  The plaintiff has amended his complaint first, to set forth a claim pertaining to the damages under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.Rev.Stat. § 51:1409 ("LUTPA").  Rec. Doc. 5.  The plaintiffs also filed a second amended complaint with additional allegations that Goodell "caused the NFL to breach the contract, or obligation, of the NFL to the [plainitffs]" and "intentionally and knowingly interfered with the business relationship" between plaintiffs and the Saints.  Rec. Doc. 15 at ¶¶ XII, XIV.

   In this motion, the defendants seek dismissal of the LUTPA claim based on the limited rights a ticket to a Saints game brings its holder and because the LUTPA prohibits class actions.   The plaintiff appears to argue in opposition that a right of action under the LUTPA belongs to all persons who suffer an ascertainable loss resulting from unfair competition or unfair or deceptive acts or practices and that the sanctions imposed on the Saints were unfair because of their severity.  Rec. Doc. 25.
The plaintiffs also argue in their opposition that the defendants are liable under Louisiana law for civil fraud, which requires an intent to defraud and damage.  Rec. Doc. 25 at 7-8.

Finally, the plaintiff argues that the defendants are liable under Louisiana law for tortious interference with the plaintiff's contract, apparently with the Saints.  Rec. Doc. 25 at 8-10.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned accusations of harm.  *Id*. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Id.* at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Twombly*, 550 U.S. 544. Although for the purposes of a

3

motion to dismiss a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In deciding a motion to dismiss for failure to state a claim, a court may consider the contents of the pleadings, including attachments thereto, as well as the documents attached to the motion to dismiss that are referred to in plaintiff's complaint and are central to their claim. *Morgan v. Swanson*, 659 F.3d 359, 367 (5th Cir. 2011); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Here, the back of the ticket provided to a Saints ticket holder states:

> This ticket only grants entry into the stadium and a spectator seat for the specified NFL game. Admission may be refused or ticket holder ejected in the sole discretion of the Saints and/or the venue manager, without refund if the ticket holder is disorderly or fails to comply with these ticket terms or any security measures or is engaging in illegal activity including, but not limited to, ticket scalping.

Rec. Doc. 24-2.

The Court finds that for purposes of this motion, the defendants have established that Louisiana law recognizes a theatre ticket as a "license" in conformity with the common law. *Gorman v. United Theatres*, 177 So. 463, 463 (La. App. 1937). The plaintiff provides no relevant law to the contrary, and does not claim he was denied entry or a seat.

Louisiana jurisprudence provides that *revocation* of a license or *breach* of contract

can result in actual damages, usually the amounts paid for the ticket and necessary expenses incurred in attending the performance, as well as mental suffering. *Vogel v. Saenger Theatres, Inc.*, 22 So.2d 189 (La. 1945). Again, however, the plaintiff does not claim he was denied entry or a seat, so these cases are inapplicable.

Instead, the only issue is whether the ticket provides any of the "rights" upon which the plaintiff has sued. The Court adopts in full the reasoning of *Mayer v. Belichick*, 2009 WL 792099 (D.N.J.), *aff'd*, 605 F.3d 223 (3rd Cir. 2010), wherein the Court dismissed on motion the plaintiff ticket holder's claims for tortious interference with contract, consumer fraud and deceptive business practices act under state law.

> Significantly, our ruling also does not leave [plaintiff] without any recourse. Instead, fans could speak out against the [defendant] their coach, and the NFL itself. In fact, they could even go so far as to refuse to purchase tickets or NFL-related merchandise. ... However, the one thing they *cannot* do is bring a legal action in a court of law.

*Id*. at 237(emphasis original). The plaintiff has not provided legal support for the argument that a sport fan has rights greater than those of a spectator, regardless of how ardent his team devotion may be.

The Court disagrees with the plaintiff's claim that Louisiana law and its civilian tradition materially alter any rights addressed in *Mayer*. As to the claim under the LUTPA, the plaintiff fails to acknowledge that the statute itself provides "an action

5

individually but not in a representative capacity to recover actual damages." La.Rev.Stat. § 1409A.  Further, the Court finds that the individual rights afforded consumers by the LUTPA and *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d 1053 (La. 2010), do not change the only rights afforded a season ticket holder just because he may also be a consumer – the ticket grants him the right of entry and seating, again, neither of which are alleged to have been breached here.

Similarly, under *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La. 1989), a corporate officer has a "duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person" does not increase the actual rights provided in the contract here.  The plaintiff was granted the right to entry and seating at NFL games.

Finally, the plaintiff's bald fraud claim is discussed only in his opposition; the three complaints filed by the plaintiff do not contain the word "fraud," much less approach the pleading requirements for fraud under Fed. R. Civ. P. 9(b).  In addition, the fact that the plaintiff has amended his complaint twice already weighs against allowing another opportunity to correct the basic legal failures in his attempted claims.

The Court has a more fundamental problem with the plaintiff's assumption that his bona fide mental suffering entitles him to a cause of action merely because he has

purchased a season ticket.  First, as this Court has previously stated, even if the process surrounding "Bountygate"was initially procedurally flawed, it resulted in a revised discipline accepted by those involved based on the finding that "conduct detrimental" to the game of football *had* occurred.  *See Vilma v. Goodell*, 2013 WL 192436 (E.D.La).   In addition, the only distinction between a ticket holder who is a fan and a ticketless fan is the ticket holder's right to entry and seating at the game granted by the license.   The Court rejects the notion that any mental suffering resulting from the Saints' last season is peculiar to a ticket holder because he was able to purchase and utilize one of those prized season tickets.  Rather, that agony has been much more widely felt by the Who Dat Nation.

  Accordingly,

  IT IS ORDERED that the motion to dismiss filed by the defendants, National Football League and Roger Goodell, Commissioner of the National Football League is GRANTED.   Rec. Doc. 24.

  New  Orleans, Louisiana, this 30th  day of January, 2013.

            _____
            HELEN G. BERRIGAN
            UNITED STATES DISTRICT COURT